**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John Arthur DUVAL, Defendant— Appellant.**

No. 02–30354.

D.C. No. CR–01–00062–RFC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided Aug. 11, 2003.

---

Before HUG, B. FLETCHER, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant John Arthur Duval appeals his jury conviction of eight counts relating to the manufacture and possession of methamphetamine. Duval claims that the district court erred in (1) denying his motions to suppress evidence arising from a traffic stop and from searches of his home, storage locker, and jeep pursuant to two search warrants, (2) denying his motion for a hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

L.Ed.2d 667 (1978), and (3) curtailing his cross-examination of one of his codefendants who testified against him at trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ If we view the stop of Duval in light of the totality of the circumstances, as we must, we conclude that the officer who stopped Duval's car did not exceed the scope of his authority. *See United States v. Arvizu*, 534 U.S. 266, 275, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *United States v. Diaz–Juarez*, 299 F.3d 1138, 1141 (9th Cir.2002). The officer initially observed several violations of Montana law: the vehicle had an expired plate on the front of the vehicle, no plate on the rear, and a crumpled temporary tag affixed with duct tape on the rear window. *See* Mont. Code Ann. §§ 61–3–301, 61–3–342 (2001). After stopping the car, the officer noticed that, although a man was driving, the temporary tag indicated that a woman owned the vehicle. The officer's subsequent questioning of Duval was directly related to the reasons for the initiation of the stop. *See United States v. Brignoni–Ponce*, 422 U.S. 873, 881, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975) (quoting *Terry v. Ohio*, 392 U.S. 1, 29, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)); *United States v. Perez*, 37 F.3d 510, 513 (9th Cir.1994). Lack of proof that the person stopped is authorized to operate and possess the vehicle gives rise to a suspicion that the vehicle may be stolen. *Perez*, 37 F.3d at 514. Moreover, the expired license plate on the jeep belonged to another vehicle, the car was uninsured, and Duval furnished false identification. These factors were plainly sufficient to support a finding of reasonable suspicion.

■ The district court also did not err in finding that probable cause existed to search Duval's residence, based on the information contained in the first search warrant application. In the supporting affidavit, the affiant listed several factors to support the application, including the result of the pat-down/inventory search of Duval, the substance suspected to be methamphetamine found during the search of the jeep, the odor of methamphetamine present when Converse allowed the officers to enter Duval's house, and the plain view observation of household products in the garbage can commonly used in the production of methamphetamine. *See Horton v. California*, 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) (outlining the plain view doctrine). These factors amply support the probability that contraband or other evidence of a crime would be found at Duval's residence. *See Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Therefore, the district court did not err in denying Duval's motion to suppress the evidence obtained pursuant to the first warrant.

■ Likewise, the district court did not err in declining to hold a *Franks* hearing or in denying Duval's motion to suppress the evidence obtained pursuant to the second warrant (secured when officers learned that items from the house had been moved to a storage locker). Duval's request for a *Franks* hearing was denied – properly – because Duval failed to offer proof challenging the affiant's veracity or to make specific allegations as to which statements in the search warrant application were false. *See United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir.1983). Even if the challenged facts were excised, the second warrant contained sufficient material to support a finding of probable cause.

■ Finally, Duval's claim that the district court violated his rights under the Confrontation Clause by limiting his cross-examination of Converse is also without

merit. *See, e.g., Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on [ ] cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."). The jury here was aware of what Converse stood to gain by testifying against Duval, and it knew, based on testimony that was allowed, that both of Duval's codefendants had entered into plea agreements in exchange for their cooperation. Duval was given an adequate opportunity to challenge the reliability of Converse.

AFFIRMED.